**INTERNATIONAL ASSOCIATION OF MACHINISTS et al., Plaintiffs-Appellants,**

**v.**

**UNITED AIRCRAFT CORPORATION, Defendant-Appellee.**

**No. 495, Docket 28904.**

United States Court of Appeals
Second Circuit.

Argued May 26, 1964.

Decided June 23, 1964.

———◇———

Mozart G. Ratner, Washington, D. C. (Plato E. Papps, Washington, D. C., and William S. Zeman, Hartford, Conn., on the brief), for plaintiffs-appellants.

Joseph C. Wells, Washington, D. C. (Frank E. Callahan, New Haven, Conn., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order denying plaintiffs' application for a temporary injunction restraining defendant from taking any step to prosecute two actions against plaintiffs which are now pending in the Superior Court, Hartford County, Connecticut. The temporary injunction was sought in connection with an action for a declaratory judgment and a permanent injunction ordering defendants to withdraw their state actions.

The present controversy traces its origin to a strike conducted by the plaintiff unions against certain Connecticut plants of defendant during the period June 8, 1960 to August 11, 1960, and to a settlement agreement under which the strike was terminated. Differences have arisen over the interpretation of the strike settlement agreement and over its implementation. As a result the unions have filed unfair labor practice charges with the National Labor Relations Board and have brought actions against defendant in the District Court under Section 301 of the National Labor Relations Act (29 U.S.C. § 185) seeking damages for violation of the strike settlement agreement, and the defendant has brought two actions in the state courts of Connecticut demanding fifteen million dollars as damages allegedly suffered as the result of the strike action taken by the unions. It is these latter state court actions which the unions asked the District Court to restrain in the present action.

The burden of the unions' complaint is that the maintenance of the state court actions, which they claim were brought as a reprisal for the unions' filing unfair labor charges and actions under § 301, deprives the unions of rights granted

them by Section 7 of the National Labor Relations Act. The unions, besides their actions to restrain defendant in the District Court, have filed additional unfair labor practice charges alleging that the defendant violated Section 8(a) (1) of the National Labor Relations Act by bringing the state court actions against the plaintiffs. The General Counsel has issued a complaint on these charges.

In the state court actions the unions entered pleas in abatement challenging the jurisdiction of the state courts to entertain the actions brought by the defendant. In effect the unions' pleas in abatement alleged: (1) that the bringing of the state court actions was an unfair labor practice; (2) that the claims of defendant in the state court actions included claims of damages for activity which is protected by the National Labor Relations Act, and (3) that defendant's resort in its complaints in the state court actions to an allegation of conspiracy deprived the unions of rights under Section 7 of the Act and constituted an additional unfair labor practice.

The state court sustained demurrers to the unions' pleas in abatement. The unions thereupon filed the present action in the United States District Court, claiming that the state court was proceeding without jurisdiction, in violation of their rights, and requesting a declaratory judgment and an injunction ordering defendant to withdraw and dismiss its actions in the state courts. The unions moved for temporary and permanent injunctions. The District Court denied the application for a temporary injunction.[1] We affirm the decision of the District Court.

Plaintiffs contend that this case does not present the comparatively simple situation where a state court is called upon to determine whether certain activity is at least arguably an unfair labor practice,—the situation in which the state court, if it decides that the activity is arguably an unfair labor practice, must decline to accept jurisdiction because of

---

1. Without mention of the application for a permanent injunction.

the exclusive primary jurisdiction of the National Labor Relations Board to determine what are and what are not unfair labor practices. San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).[2] It is true that whether the defendant committed an unfair labor practice in bringing the state court actions is about to be presented to the Board. The state court is not asked to pass upon the question and makes no claim of any power to do so. To this extent the state court is not exercising any jurisdiction which properly belongs to the Board. If the Board should decide that defendant in bringing the state court actions committed an unfair labor practice, it might order the defendant to withdraw the actions. But see Matter of Clyde Taylor, 127 N.L.R.B. 103 (1960).

The plaintiffs, although they mention it in their Brief, do not appear to press the point that the state court is usurping what is arguably within the Board's jurisdiction. On the contrary they urge that the state court's action is a deprivation of Section 7 rights over which the Board has no jurisdiction at all. Their arguments run as follows: The Board has jurisdiction only over employer action which is an unfair labor practice under Section 8. But it is possible for employees and labor organizations to be deprived of their Section 7 rights by state action as well as by employer action. Where there has been a deprivation of Section 7 rights by state action, the federal courts must protect those rights since the Board has no power to do so. In the present case the action of the state court in entertaining defendant's damage suits is state action which deprives plaintiffs of certain of their rights under Section 7, in particular, the right to "free access to the Board and the federal courts for unfair labor practice charges and 301 suits without deterrence or reprisal." Section 7 rights are, by virtue of the Supremacy Clause, "constitutional rights." A state court has no jurisdiction to deprive a litigant of constitutional rights. Therefore the federal court can enjoin the state court from entertaining the suits (or, equivalently, order the defendant to withdraw them).

There are a number of fallacies in the plaintiffs' argument. For example, though it does not appear to be completely necessary to the argument, there is no reason whatever to believe that a state court is without "jurisdiction" to decide the constitutional rights of the litigants before it. A more serious error is the assumption that because a right is a federal right by reason of the Supremacy Clause it is a "constitutional right" in the bill of rights sense, i. e. that it is to be protected from invasion via state action by extraordinary remedies. If we call rights which are preemptive by reason of the Supremacy Clause, "constitutional rights," then all federal rights are "constitutional rights" and the phrase "constitutional rights" loses any real meaning. Still more basic to the argument is the contention that the federal courts have exclusive jurisdiction over those rights under Section 7 which are not within the Board's power to vindicate. There is no statutory or judicial authority which gives the federal courts jurisdiction over such rights. If the federal courts have "federal question" jurisdiction, a very doubtful proposition in the present case, see Pan Am. Petroleum Corp. v. Superior Court, 366 U.S. 656, 661–66, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961), there is no ground for holding that jurisdiction to be exclusive. Plaintiffs do not suggest any reason why a state court is not perfectly competent to pass upon the question of whether a litigant is being deprived by state action of his rights under Section 7 of the National Labor Relations Act, and actually this proposition has been tested time and again in cases coming to the United

2. At the same time the plaintiffs have not abandoned their contention, which was one of the grounds for their plea in abatement, that the defendant, in the state court actions, has claimed damages for protected as well as unprotected strike activity.

States Supreme Court in the regular course from state courts, with no suggestion that the state courts were without jurisdiction to pass upon it. See e. g. Hill v. State of Florida ex rel. Watson, 325 U.S. 538, 65 S.Ct. 1373, 89 L.Ed. 1782 (1945); La Crosse Tel. Corp. v. Wisconsin Employment Relations Bd., 336 U.S. 18, 69 S.Ct. 379, 93 L.Ed. 463 (1949); International Union, U. A. W. v. O'Brien, 339 U.S. 454, 70 S.Ct. 781, 94 L.Ed. 978 (1950); Amalgamated Ass'n v. Wisconsin Employment Relations Bd., 340 U.S. 383, 71 S.Ct. 359, 95 L.Ed. 364 (1951); Guss v. Utah Labor Relations Bd., 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601 (1957).

In Local 24, Teamsters Union v. Oliver, 358 U.S. 283, 79 S.Ct. 297, 3 L.Ed.2d 312 (1959), the state action involved was the action of the Ohio courts which, to use plaintiffs' language, deprived Local 24 of certain of its rights under Section 7 of the Act. The Supreme Court did not suggest that the state courts had no jurisdiction to entertain the case. For a case in which the state court held that a state statute could not infringe Section 7 rights, see Coos Bay Lumber Co. v. Local 7–116, Int'l Woodworkers, 203 Or. 342, 279 P.2d 508, on rehearing, 280 P.2d 412 (1955).

In the case of Amalgamated Clothing Workers v. Richman Bros. Co., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955) the union sought exactly what it seeks here, an injunction requiring the employer to withdraw his action in the state court. The Supreme Court said at page 518 of 348 U.S., at page 456 of 75 S.Ct.:

> "The assumption upon which the argument proceeds is that federal rights will not be adequately protected in the state courts, and the 'gap' complained of is impatience with the appellate process if state courts go wrong. But during more than half of our history Congress, in establishing the jurisdiction of the lower federal courts, in the main relied on the adequacy of the state judicial systems to enforce federal rights, subject to review by this Court.

> With limited exceptions, it was not until 1875 that the lower federal courts were given general jurisdiction over federal questions. During that entire period, the vindication of federal rights depended upon the procedure which petitioner attacks as so grossly inadequate that it could not have been contemplated by Congress. The prohibition of § 2283 is but continuing evidence of confidence in the state courts, reinforced by a desire to avoid direct conflicts between state and federal courts.

> "We cannot assume that this confidence has been misplaced."

Nothing has occurred since Richman which casts any doubt on what the Supreme Court there said. The Court has not suggested that there is any less reason today for having confidence in the state courts.

It is true, as plaintiffs urge, that the extent of the jurisdiction of the courts, both state and federal, over protected activities and unfair labor practices has been more carefully defined than it was at the time of the decision of the Richman case. Garmon, supra, laid down the rule that where the subject activities are arguably within the Board's jurisdiction, the courts have no power to decide whether they are or are not protected activities or unfair labor practices. The difficulties which the court stressed in Richman no longer exist to the same degree.

But in the present controversy, plaintiffs have been at great pains to establish that this is not a Garmon type case, i. e. a case involving the question of the jurisdiction of the Board, but rather a case involving "state action" depriving them of Section 7 rights. Moreover even in a Garmon type case, the fact that the situations in which the state courts lack jurisdiction are somewhat clearer, because of the arguability rule, does not suggest the result for which the plaintiffs contend, to wit, that federal courts may enjoin state courts from deciding the issue of arguability.

In any event, even if we found that the auxiliary reasons given in Richman for

refusing an injunction were no longer dispositive, we would still be faced with the statute, Section 2283.[3] There is nothing in the present case which would make that statute inapplicable. There is no express authorization by Act of Congress. There is no jurisdiction in the district court which would be aided by an injunction. The district court has issued no judgments which require protection or effectuation. We believe Section 2283 applies and prevents the issuance of an injunction.

Affirmed.

3. 28 U.S.C. § 2283 reads as follows:
"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."